**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | Criminal Case No. CR-20-20-RAW |
| v. | ) | |
| | ) | Civil Case No. CIV-23-201-RAW |
| WENDELL RAY CAUDLE, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**ORDER**

On March 10, 2020, a grand jury returned an Indictment charging Defendant Wendell Ray Caudle ("Defendant") with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 1"), possession of firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count 2"), and felon in possession of firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 3"). [CR Doc. 3]. On May 8, 2020, Defendant appeared with his attorney for arraignment. [CR Doc. 11]. Defendant entered a plea of not guilty to all counts and a jury trial was scheduled. On May 26, 2020, Defendant's attorney filed a motion to suppress evidence. [CR Doc. 18]. Following a hearing, United States Magistrate Judge Kimberly E. West entered a Findings and Recommendation ("F&R") [CR Doc. 26], recommending that the Defendant's motion to suppress be denied. Defendant objected to the F&R. This court affirmed and adopted the F&R. [CR Doc. 42].

On August 20, 2020, Defendant pleaded guilty to Counts 1 and 2 of the Indictment. [CR Doc. 49]. The written plea agreement included a waiver of appellate and post-conviction rights. [CR Doc. 51 at 4-5]. Defendant reserved the right to appeal the denial of his motion to suppress. *Id*. at 1-2. A presentence investigation report ("PSR") was prepared by the United States Probation Office. On February 3, 2021, Defendant was committed to the custody of the Bureau of Prisons for a term of 58 months on Count 1 and 60 months on Count 2. [CR Doc. 65]. The court ordered the sentences to run consecutively with each other. *Id*. Judgment was entered on February 5, 2021. [CR Doc. 68]. Defendant filed a direct appeal challenging the denial of his motion to suppress. The Tenth Circuit affirmed. *See United States v. Caudle*, No. 21-7005, 2022 WL 500354

1

(10th Cir. Feb. 18, 2022) (unpublished).  [CR Doc. 80].  The mandate was issued on March 14, 2022.  [CR Doc. 81].

A motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence was filed by Defendant on June 22, 2023.  [CR Doc. 82; CIV Doc. 1].  Defendant alleges that he "placed this § 2255 [m]otion in the prison mailbox on the date below invoking the prison mailbox rule."  *Id*. at 12.  The date below the paragraph, and beside his signature, is <u>June 14, 2023</u>.  *Id*.  The postmark on the envelope also bears the date of June 14, 2023.  [CR Doc. 82-2 at 1].  This was the first § 2255 motion filed by Defendant with this court.

Defendant later refiled the § 2255 motion, along with an attached memorandum of law in support of the § 2255 motion.  [CR Doc. 88; CR Doc. 88-1].  The most recently filed § 2255 motion ("amended motion") is dated July 12, 2023.  [CR Doc. 88 at 12].  The amended motion was filed on July 21, 2023.

The Government filed a response in opposition to Defendant's § 2255 motion on August 17, 2023.  [CR Doc. 92].  Defendant filed a reply.  [CR Doc. 100].

The Government asserts, in relevant part, that Defendant's § 2255 motion is untimely.  [CR Doc. 92 at 12-13].  The court agrees.[1]  A federal prisoner typically has one year from the date on which his conviction becomes final to file a motion for habeas corpus relief.  *See* 28 U.S.C. § 2255.  If a defendant does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, his judgment becomes final when the time for filing a certiorari petition expires.  *See United States v. Harrison*, 680 Fed.Appx. 678, 679-80 (10th Cir. 2017) (unpublished) (citing *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000)).  A defendant has 90 days from the entry of the appellate judgment in which to petition for a writ of certiorari.  Sup. Ct. R. 13.1.

Defendant in this case filed a direct appeal, and the judgment of the Tenth Circuit was entered against him on February 18, 2022.  [CR Doc. 80].  Defendant did not file a petition for writ of certiorari, and his one-year clock began running on May 19, 2022.  Thus, Defendant had

---

[1]    Because Defendant's § 2255 motion is untimely, the court need not consider the Government's other arguments.

through May 19, 2023, to file his § 2255 motion.  Defendant's § 2255 motion was placed in the mail on June 14, 2023, which is approximately one month beyond the one-year statute of limitations of § 2255(f).  In other words, Defendant's § 2255 motion is not timely, even under the prison mailbox rule.  Defendant does not assert that governmental action prevented him from timely filing his § 2255 motion.  Nor has he alleged any new right recognized by the Supreme Court, any new evidence discovered or any reason for equitable tolling.  Defendant's § 2255 motion is untimely and should be dismissed.

A certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When the district court dismisses a § 2255 motion on procedural grounds, a defendant must satisfy a two-part standard to obtain a certificate of appealability.  Defendant must show "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the case at hand, it is clear that Defendant's § 2255 motion is untimely, meaning Defendant cannot overcome the second part of the standard.  Since the second part has not been established, there is no need to address the first part of the standard.  This court hereby declines to issue a certificate of appealability.

Accordingly, Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [CR Doc. 82; CIV Doc. 1], as amended [CR Doc. 88], is hereby DISMISSED as time-barred.[2]  Furthermore, this court hereby declines to issue a certificate of appealability.

It is so ordered this 18th  day of October , 2023.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[2]   The motion, files and records of this case conclusively show that Defendant is entitled to no relief.  Thus, no evidentiary hearing was held.